959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jairo Alberto PALACIOS, Defendant-Appellant.
 No. 89-50010.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jairo Alberto Palacios appeals his conviction following entry of a conditional guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Palacios contends the district court erred by failing to conduct a proper evidentiary hearing on his motions to suppress evidence of cocaine found following a search of a truck, and by denying the suppression motions even though the cocaine was discovered as a result of an allegedly illegal and non-consensual search. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 As a preliminary matter, Palacios contends that the district court failed to conduct a proper hearing on his motions to suppress. Neither Palacios nor any of his codefendants objected to the procedure followed by the district court in its conduct of the hearings on the motions to suppress. Therefore, we decline to address this argument because Palacios raises it for the first time on appeal. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 
 
 4
 In order for a defendant to challenge the lawfulness of a search and seizure, he must first establish his standing to do so by showing that he had a "legitimate expectation of privacy" in a particular place and that this expectation was violated by the search and seizure. Rakas v. Illinois, 439 U.S. 128, 143 & n. 12 (1978). Palacios asserts that he has standing under the theory of "joint control." Appellant's Opening Brief at 29.
 
 
 5
 "We allow a defendant to contest a search of a third party's property if he had a reasonable expectation of privacy in the property based on a formal arrangement." United States v. Taketa, 923 F.2d 665, 671 (9th Cir.1991). The burden is on the defendant to demonstrate that he had a legitimate expectation of privacy in the place searched. United States v. Davis, 932 F.2d 752, 756 (9th Cir.1991). Mere membership in a criminal venture, without a showing of joint control and supervision over the place searched, is insufficient to establish a privacy expectation in all property used by the criminal venture. United States v. Lockett, 919 F.2d 585, 588 (9th Cir.1990). To establish standing, the record must " 'amply indicate[ ] a formalized, ongoing arrangement' " between the defendant and the others who participated in the transportation of the cocaine. United States v. Johns, 851 F.2d 1131, 1136 (9th Cir.1988) (quoting United States v. Broadhurst, 805 F.2d 849, 852 (9th Cir.1986)).
 
 
 6
 Here, after receiving a tip from a confidential source, members of the Los Angeles Police Department began a surveillance operation in early May, 1988 against a number of individuals suspected of narcotics trafficking. During the course of approximately one month of surveillance, police observed activity consistent with a large-scale cocaine distribution network. On June 14, 1988, police observed three of the suspected traffickers meeting for approximately twenty minutes with Palacios and another individual at a Los Angeles restaurant.
 
 
 7
 Early in the morning on June 15, police observed a transfer of boxes between a van and a tractor-trailer in the parking lot of a motel. Palacios and three codefendants helped transfer the boxes while a fifth codefendant kept watch. After the loading was complete, two codefendants entered the trailer and drove it away. A third followed the trailer in a van. Palacios drove away in the van from which the boxes had been transferred, but did not follow the trailer. Police later stopped the trailer and discovered over 700 pounds of cocaine in sealed boxes. Police following Palacios arrested him after they were informed of the discovery of the cocaine.
 
 
 8
 Palacios failed to submit a declaration to the court establishing his relationship to the trailer or its cargo. Further, Palacios was neither mentioned in the declarations filed by his codefendants in support of the motions to suppress nor in the testimony given at the suppression hearing. Clearly, Palacios participated in the transportation of the cocaine. Nonetheless, there is no evidence in the record to support a finding that Palacios shared joint control or supervision over the trailer or its contents. See Lockett, 919 F.2d at 588. Therefore, Palacios failed to carry his burden of establishing a legitimate expectation of privacy in either the trailer or its contents and he has no standing to challenge the search of the trailer or the seizure of the cocaine. See Taketa, 923 F.2d at 672; Lockett, 919 F.2d at 588.
 
 
 9
 Although the district court denied the motions to suppress on the merits, our examination of the record shows that Palacios clearly lacked standing to challenge the search and seizure. Accordingly, we affirm on that basis and do not reach the merits. See United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.) (appellate court may affirm on any basis finding adequate support in the record), cert. denied, 461 U.S. 936 (1983).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3